# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 28, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *    *
SARAH D. MURRAY, on behalf             *
of her daughter, C.E.M., a minor child, *
                                        *
          Petitioner,                   *      No. 17-361V
                                        *      Special Master Sanders
v.                                      *
                                        *      Attorneys' Fees and Costs
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
          Respondent.                   *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Matthew J. Williams, Hodsdon & Ayer, Kennebunk, ME, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 17, 2017, Sarah D. Murray ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor daughter, C.E.M.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the varicella vaccine C.E.M. received on November 13, 2015 caused C.E.M. to develop varicella. *See* Stip. At 1, ECF No. 27. On March 30, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her decision awarding damages on the same day. Decision, ECF No. 28.

On October 30, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

35 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $4,968.96 (representing $4,291.50 in fees and $677.46 in costs). Fees App at 1.[3] Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. ECF No. 38. Respondent reacted to the motion on November 9, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 36).

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rates

---

[3] In her motion, Petitioner originally requested total attorneys' costs in the amount of $986.22 and total compensation in the amount of $5,277.72. Fees App. at 1-2. On November 16, 2018, Petitioner filed a Reply brief, acknowledging that previously requested costs of $308.76 were incurred in the process of counsel being admitted to practice before the Court of Federal Claims. Reply, ECF No. 37, at 2. Acknowledging that "an attorney's cost of admission to practice in a particular court should not be considered a cost that is particular to any one case and should not be part of an award for attorney's costs," Petitioner amended the amount of attorneys' costs sought. *Id.*

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[4]

Petitioner requests the following rates of compensation for the work of her attorney, Mr. Matthew Williams: $170.00 per hour for work performed in 2016, $175.00 per hour for work performed in 2017, and $185.00 per hour for work performed in 2018. Fees App. Ex. 1 at 1. This appears to be the first Vaccine Program case for Mr. Williams, and thus the first time a special master has had the opportunity to consider his rates. Mr. Williams has been licensed to practice law in Maine since 2009, and since that time has maintained his practice in the city of Kennebunk, Maine. *Id.* Thus, at the time this case commenced, Mr. Williams had approximately 7 years of legal experience.

Because Petitioner does not request in-forum rates for her counsel, the undersigned finds that a more detailed analysis of the requested rates is not necessary. Indeed, in the undersigned's experience, the rates sought herein would likely be reasonable for any locale within the United States. Accordingly, the requested rates are reasonable and no adjustment is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the hours expended by Mr. Williams (24.50) to be reasonable. The billing entries reflect the nature of the tasks performed and all appear to be reasonable. Respondent also has not identified any particular entries as objectionable. Accordingly, no adjustment to the hours expended is required. Petitioner is thus entitled to the full amount of attorneys' fees sought, **$4,291.50**.

### c. Attorneys' Costs

---

[4] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $677.46 in attorneys' costs. This amount is comprised of the cost of obtaining medical records, mailing costs, and the Court's filing fee. All of the costs appear reasonable in the undersigned's experience and shall be awarded in full. Petitioner is thus entitled to attorneys' costs in the amount of **$677.46**.

## II.      Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $4,291.50 |
| (Reduction to Rates) | - |
| (Reduction to Total Hours) | - |
| **Total Attorneys' Fees Awarded** | **$4,291.50** |
| | |
| Attorneys' Costs Requested | $677.46 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$677.46** |
| | |
| **Total Amount Awarded** | **$4,968.96** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $4,968.96 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Matthew Williams, of Hodsdon & Ayer, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

       **IT IS SO ORDERED.**

                                        s/Herbrina D. Sanders
                                        Herbrina D. Sanders
                                        Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).